FILED
April 28, 2015
Third Court of Appeals
Jeffrey D. Kyle
Clerk

ACCEPTED
03-13-00804-CR
4814987
THIRD COURT OF APPEALS
AUSTIN, TEXAS
4/8/2015 4:22:18 PM
JEFFREY D. KYLE
CLERK



## Rosemary Lehmberg ✶ Travis County District Attorney

P.O. Box 1748 Austin, Texas 78767 • Telephone: 512-854-9400 • Fax 512-854-9695


RECEIVED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
4/8/2015 4:22:18 PM
JEFFREY D. KYLE
Clerk

April 8, 2015

Jeffrey D. Kyle, Clerk
Third Court of Appeals
P.O. Box 121547
Austin, Texas 78711

RE:   Appellate Case Number 03-13-00804-CR
      Trial Court Cause No. D-1-DC-11-302663

*Style: Kaitlyn Lucretia Ritcherson v. The State of Texas*

To the Honorable Third Court of Appeals:

Now comes the State of Texas and moves for permission to file this letter with an additional argument and authority.

In points two and three, the appellant complains that the trial court erred in excluding a video, which contained several self-serving statements made by the defendant.

It is the rule in Texas that a defendant's self-serving statements are not admissible in evidence as proof of the facts asserted unless they are (1) part of the res gestae of the offense or arrest, (2) part of a statement previously offered by the State, or (3) necessary to explain or contradict acts or declarations first offered by the State. *Allridge v. State*, 762 S.W.2d

146, 152 (Tex. Crim. App. 1988).

The appellant's statements were not res gestae because they were a narration of past events, made a considerable length of time after the stabbing. During this time, she was able to reflect and deliberate, as seen by the fact that she had already lied to the police about her involvement in the stabbing. *Id.* at 152-53.

The appellant's statements were also not part of a statement previously proven by the State, since none of the statement or parts thereof had been introduced into evidence. *Id.* at 153.

Finally, the appellant's statements were not necessary to explain or contradict acts or declarations first offered by the State because the State had not introduced any evidence that misled the jury or left the jury with only a partial or incomplete version of the facts. *Id.* Note that this exception does not allow for introduction of self-serving statements merely because they contradict the State's case, since this would allow any defendant to place his version of the facts before the jury without being subject to cross examination. *Id.*

In sum, the trial court did not abuse its discretion in excluding the video of the appellant's statements because the statements are self-serving and do not fall under any exception.

## Prayer

The State prays that this Court grant permission to file this letter.

Respectfully submitted,

**Angie Creasy**
Assistant District Attorney
State Bar No. 24043613
P.O. Box 1748
Austin, Texas 78767
(512) 854-9400
Fax (512) 854-4810
Angie.Creasy@traviscountytx.gov
AppellateTCDA@traviscountytx.gov

## Certificates of Compliance and Service

I certify that this letter contains 345 words. I further certify that, on the 8th day of April, 2015, a true and correct copy of this brief was served, by U.S. mail, electronic mail, facsimile, or electronically through the electronic filing manager, to the defendant's attorney, Alexander L. Calhoun, Law Office of Alexander L. Calhoun, 4301 W. William Cannon Dr., Suite B-150, #260, Austin, Texas 78749.

**Angie Creasy**